**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARK SUMNER,

    Plaintiff,

vs.                                             Case No.: 6:18-cv-00040-ORL-28-GJK

JONATHAN D. GARNER, individually,
AND
PALM BAY AIR & HEAT, INC.,
a Florida For Profit Corporation,

    Defendants.
_____/

**<u>DEFENDANTS' UNOPPOSED MOTION TO CONDUCT SETTLEMENT
CONFERENCE AND CASE MANAGEMENT CONFERENCE
TELEPHONICALLY AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendants, JONATHAN D. GARNER and PALM BAY AIR & HEAT, INC., by and through its undersigned counsel and pursuant to M.D. Fla. Local Rule 3.01(i), hereby files this Unopposed Motion to Conduct Settlement Conference and Case Management Conference Telephonically (the "Motion"), and in support thereof state as follows:

1. This case involves a claim for unpaid wages pursuant to Fair Labor Standards Act.

2. Pursuant to the Court's Scheduling Order [D.E. 14], the Parties must "to meet and confer in a good faith effort to settle all pending issues, including attorney's fees and costs" on or before April 12, 2018.

3. While the case is pending in the Orlando division of the United States District Court for the Middle District of Florida, counsel for the respective parties are three-hours driving distance apart on different coasts in Florida.

4. The Defendants file this motion to allow for a telephonic appearance at the ordered

settlement conference, as well as a case management conference to be conducted contemporaneously therewith in the event the parties are unable to settle this matter.

5. Counsel for the respective parties have coordinated a date for the settlement conference and are ready to proceed forward telephonically under the circumstances. The Defendants maintain that this Motion for should be granted for the following reasons.

6. First, a telephonic appearance presents the best opportunities for the parties to reach a satisfactory negotiated settlement without an excessive waste of resources. The parties are thoroughly familiar with the case. The parties have been able to propound their responses based on the Scheduling Order [D.E. 14], and know what the dispute issues are and the claimed damages in the case.

7. Second, without a telephonic appearance, the Defendants' counsel representative would be required to travel to and from Saint Petersburg to the designated meeting place in Melbourne, Florida. The trip would take a total of six hours of driving in favorable traffic conditions days and impose an unfair detriment at the Defendants' expense, particularly where these settlement conferences usually last for only an hour or two when the issues are fairly discrete, which is the case here (e.g., off the clock).

8. Third, requiring the attendance at the settlement conference and case management conference would impose additional unnecessary costs for travel, which resources may be made available for purposes of settlement.

9. Finally, a relevant factor that the Court should consider in this case is the amount in controversy, which is nominal given that the case was initially filed in small claims court. The Plaintiff's answer to court interrogatories he is seeking unpaid overtime of 5 hours per week for 15.5 weeks when he had a regular rate of pay of $16.00 per hour, which amounts to $1,860.00 in

lost wages and an equivalent amount as liquidated damages. The Defendants maintain that it would be unfair for it absorb all of the travel related expenses and inconvenience in this relatively small matter.

    10.    For all of these reasons, the Defendant request that the Court:

        a.    allow the parties to meet and confer via telephone;

        b.    allow this telephone conference to be the meeting required of lead counsel by the Court for purposes of the case management report; and

        c.    enter an order stating such compliance.

## MEMORANDUM OF LAW

In order to expeditiously satisfy the required settlement conference and case management conference so as to move this case toward final resolution most efficiently, the Defendants request that this Court permit its counsel to appear telephonically at these foregoing conferences as ordered by the Court. The Defendant's counsel will be appearing in person. The undersigned counsel's request is consistent with Local Rule 3.01(i), which encourages, "whenever possible, particularly when counsel are located in different cities," the use of telephonic hearings and conferences. The case is filed in the Middle District of Florida, Orlando Division. The Defendants' lead counsel is located in St. Petersburg, Florida. The Plaintiff's lead counsel is located in Melbourne, Florida.

This Motion is consistent with the letter and spirit of Rule 1 of the Federal Rules of Civil Procedure (requiring the rules to be construed and administered "to secure the just, speedy, and inexpensive determination of every action"), as well as Local Rule 3.03(f) (suggesting that the parties utilize "technology" . . . in all phases of litigation . . .."). Because allowing the parties to appear telephonically or by videoconference will allow for a quicker and more efficient means to

resolve this matter, the Defendants maintain that this Motion is well founded and that compelling circumstances justify an order granting it.

Moreover, for the precise reason identified herein (judicial efficiency), courts throughout the Middle District of Florida routinely grant motions such as this. *See, e.g., Long v. Community Rehabilitation Center Institute, Inc*., 3:12-CV-00184-HLA-JBT, D.E. 14 (M.D. Fla. May 23, 2012) (Toomey, Mag.) (Endorsed Order granting Plaintiff's Unopposed Motion to Appear via Videoconference for FLSA Settlement Conference); *Machado v. Cellular Touch Wireless, Inc*., 8:12-cv-01045-EAK-AEP, D.E. 13 (M.D. Fla. July 2, 2012) (Kovachevich, J.) (Endorsed Order granting Unopposed Motion to Appear Telephonically); *Lenzie v. Boomers Neighborhood Grill & Bar, Inc*., 2:12-cv-00181-UA-SPC, D.E. 15 (M.D. Fla. June 25, 2012) (Chappell, Mag.) (order granting Motion to Appear Telephonically).

Respectfully, for the same reason other courts within the Middle District routinely grant Motions such as the instant one, this Court should likewise grant the Defendants' Motion and permit its corporate representative to appear telephonically at the settlement conference and case management conference as ordered by the Court. No party in this action will suffer any prejudice under the circumstances.

WHEREFORE, Defendants, JONATHAN D. GARNER and PALM BAY AIR & HEAT, INC., respectfully requests the Court to permit the Parties to meet and confer via telephone or teleconference; allow this telephone or teleconference to be the meeting required of lead counsel by the Court; and enter an order stating such compliance.

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN:  476757
**NEILSEN LAW GROUP, P.A.**
Counsel for Defendants, JONATHAN D. GARNER and PALM BAY AIR & HEAT, INC.

## **CERTIFICATE OF CONFERENCE WITH COUNSEL**

I HEREBY CERTIFY, pursuant to Local Rule 3.01, that I have conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. I am authorized to state that Plaintiff's counsel does not oppose the relief requested in this motion.

> **/s/ Eric W. Neilsen**
> Eric W. Neilsen, Esquire
> FBN: 476757
> **NEILSEN LAW GROUP, P.A.**
> 100 2nd Avenue N., Suite 240
> St. Petersburg, FL 33701
> Telephone: (727) 350-3240
> Facsimile: (727) 499-7166
> Email: eneilsen@neilsenlawgroup.com
> Counsel for Defendants, JONATHAN D. GARNER
> and PALM BAY AIR & HEAT, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2018, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court and served via the Court's CM/ECF system to all counsel of record, including Ethan Brandon Babb, Esq., Joseph C. Wood, Esq., Mauricio Arcadier, Esq., Stephen J. Biggie, Esq., Arcadier & Associates, P.A., Ste. 304, 2815 W. New Haven Avenue, West Melbourne, FL 32904 (babb@wamalaw.com; wood@wamalaw.com; office@wamalaw.com; biggie@wamalaw.com (*counsel for Plaintiff*).

        **/s/ Eric W. Neilsen**
        Eric W. Neilsen, Esquire
        FBN:  476757
        **NEILSEN LAW GROUP, P.A.**
        100 2nd Avenue N., Suite 240
        St. Petersburg, FL 33701
        Telephone: (727) 350-3240
        Facsimile:  (727) 499-7166
        Email:  eneilsen@neilsenlawgroup.com
        Counsel for Defendants, JONATHAN D. GARNER
        and PALM BAY AIR & HEAT, INC.

C:\Users\Eric\Documents\~ 1 Cases\Sumner v Garner and Palm Bay Air\Motion to Appear Telephonically at CMC.docx