# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARK SUMNER,

        **Plaintiff,**

v.                                      **Case No:   6:18-cv-40-Orl-28GJK**

JONATHAN D. GARNER and PALM
BAY AIR & HEAT, INC.,

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL AND SANCTIONS (Doc. No. 34)** |
| **FILED:** | **February 25, 2019** |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENDANT'S FAILURE TO ATTEND HIS SCHEDULED AND NOTICED DEPOSITION AND INCORPORATED MEM[]ORANDUM OF LAW (Doc. No. 36)** |
| **FILED:** | **March 15, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

I.      **BACKGROUND.**

On January 8, 2018, Plaintiff Mark Sumner filed a Complaint against Defendants Jonathan D. Garner and Palm Bay Air & Heat, Inc. ("Palm Bay"). Doc. No. 1. Sumner alleges Garner and Palm Bay, his employers, violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime. *Id.* On January 31, 2018, Defendants filed an Answer and Affirmative Defenses. Doc. No. 11.

On August 28, 2018, Defendants' counsel moved to withdraw. Doc. No. 23. On October 2, 2018, the Court permitted Defendants' counsel to withdraw. Doc. No. 29. As Palm Bay is a corporation and cannot appear pro se, the Answer and Affirmative Defenses as they pertain to Palm Bay were stricken, and a clerk's default was entered against it. Doc. Nos. 29, 30. The Court advised Garner, now proceeding as a pro se litigant, that he:

> is subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules"), and the Court's case management and scheduling order in this case . . . .

Doc. No. 29 at 3.

On February 25, 2019, Sumner filed a Motion to Compel and Sanctions (the "Motion to Compel"), based on Garner's failure to serve answers to the First and Second Sets of Interrogatories. Doc. No. 34. Sumner asks the Court to compel Garner to answer the interrogatories and pay his reasonable expenses, including attorney's fees, incurred in bringing the Motion to Compel. *Id.* at 5. Plaintiff did not file a response to the Motion to Compel.

On March 15, 2019, Sumner filed "Plaintiff's Motion for Sanctions Based on Defendant's Failure to Attend His Scheduled and Noticed Deposition and Incorporated Memorandum of Law"

(the "Motion for Sanctions"). Doc. No. 36. Sumner states that Garner's pleadings should be stricken for his failure to attend his deposition. *Id.* at 8. Sumner also complains of Garner's failure to answer the interrogatories, failure to communicate with Sumner's counsel, failure to provide information regarding Garner's assertion that he is being represented by an attorney from his insurance company, and failure to participate in good faith in mediation. *Id.* Plaintiff did not file a response to the Motion for Sanctions.

## II.      ANALYSIS.

Under Federal Rule of Civil Procedure 37(d)(3) and (b)(2), the Court has several options for imposing sanctions upon a party for failing to attend his deposition or serve answers to interrogatories. Those sanctions include "striking pleadings in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii).

Sumner alleges that he served the First Set of Interrogatories to Garner on May 17, 2018. Doc. No. 34 at ¶ 5. On June 19 and 29, and July 9, 2018, when Garner was represented by counsel, Sumner's counsel communicated with Garner's counsel regarding the outstanding answers to interrogatories. *Id.* at ¶¶ 6, 7. On July 26, 2018, Sumner served his Second Set of Interrogatories on Garner. *Id.* at ¶ 9. On January 11, 2019, Sumner sent a certified letter to Garner regarding the outstanding answers to interrogatories and asked for the answers to be served by January 28, 2019. *Id.* at ¶ 19. Garner failed to answer the interrogatories and failed to respond to the letter. *Id.* at ¶¶ 1, 20.

Sumner began communicating with Garner's counsel in July 2018 to set Garner's deposition. Doc. No. 36-1 at 5. Communications continued through mid-August without the deposition being set. *Id.* at 1-6. Garner's counsel told Sumner's counsel that he has "made a number of inquiries with [Garner and Palm Bay] and got no response." *Id.* at 1. On February 25,

2019, Sumner's counsel contacted Garner via telephone to discuss the interrogatories and setting Garner's deposition, but Sumner's counsel "was placed on an extended hold and GARNER never picked up." Doc. No. 34 at 5.

On March 8, 2019, Garner attended mediation. Doc. No. 36 at ¶ 24. At the mediation, Garner agreed to have his deposition taken on March 15, 2019. *Id.* at ¶ 25. On March 8, 2019, Sumner issued a Notice of Taking Deposition of Garner for March 15, 2019. Doc. No. 36-4. On March 14, 2019, the afternoon before his deposition, Garner emailed Sumner's counsel stating that he would not be able to attend his deposition because his "insurance company is not able to have [his a]ttorney ready in time with all the information." Doc. No. 36-5 at 3. Sumner's counsel emailed Garner that the deposition could not be rescheduled due to the discovery deadline of March 15, 2019. *Id.* at 2. Garner did not appear for his deposition. Doc. No. 36-6.

Garner failed to serve answers to interrogatories and failed to appear for his deposition. He did not object to these discovery requests. Garner did not respond to the Motion to Compel or the Motion for Sanctions. Because Garner did not file responses to the motions, they are considered unopposed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response . . . ."). Pursuant to Rule 37(d)(1)(A) and (3), Garner's answer and affirmative defenses are due to be stricken. Garner's pleadings should be stricken as no lesser sanction would suffice. The complaint was filed over one year ago, and discovery is now closed. Garner failed to communicate with both his own counsel and Sumner's counsel throughout the discovery period. Garner also failed to respond to the Motion to Compel and the Motion for Sanctions, even though Sumner was seeking the imposition of sanctions against him, including striking his pleadings. Despite this warning, he did not respond to the motions. There is no assurance that Garner would respond to or comply with a lesser

sanction. As Garner's pleadings will be stricken, Sumner's request that Garner be compelled to answer the interrogatories will be denied.

Sumner also requests an award of the attorney's fees and costs incurred in bringing the Motion to Compel and Motion for Sanctions under Federal Rule of Civil Procedure 37. Doc. No. 34 at 5; Doc. No. 36 at 8. As Garner did not respond to the Motion, Sumner's assertions that Garner's refusals to respond to the interrogatories and appear for his deposition are not substantially justified are unopposed. The Court has not been presented with any circumstances that would make an award of expenses unjust. Thus, an award of attorney's fees and costs incurred in bringing the motions is warranted under Rule 37(d)(3).

## III.   **CONCLUSION.**

Accordingly, it is **ORDERED** as follows:

1. The Motion for Sanctions (Doc. No. 36) is **GRANTED** and Garner's answer and affirmative defenses are **STRICKEN**;

2. The Motion to Compel (Doc. No. 34) is **DENIED** as moot;

3. Sumner's attorney's fees and expenses awarded herein will be quantified upon final disposition of this matter; and

4. **The Clerk is directed to send a copy of this report and recommendation to Garner via certified mail.**

**DONE** and **ORDERED** in Orlando, Florida, on April 4, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party