UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK SUMNER,

    Plaintiff,

v.                                                    Case No: 6:18-cv-40-Orl-28GJK

JONATHAN D. GARNER and PALM
BAY AIR & HEAT, INC.,

    Defendants.

## **ORDER**[1]

This cause came on for consideration without oral argument on Plaintiff's Ex-Parte Motion for Issuance of a Post-Judgment Writ of Garnishment and Appointment of Special Process Server, filed on December 9, 2019 (Doc. 64). On November 7, 2019, judgment was entered in favor of Plaintiff and against Defendants, stating, in part:

> **IT IS ORDERED AND ADJUDGED** that Plaintiff Mark Sumner, shall recover the sum of $16,525.00 from Defendants, Jonathan D. Garner and Palm Bay Air & Heat, Inc., jointly and severally, for which sum let execution issue.

(Doc. 63). Plaintiff alleges that the judgment is unsatisfied, and seeks a writ of garnishment as to assets belonging to Defendant Palm Bay Air & Heat, Inc., which Plaintiff believes are in the possession or control of PNC Bank N.A., located at 5295 Babcock Street, Palm Bay, FL 32905 (Doc. 64 at 1-2; Doc. No. 64-1 at 1).

A money judgment is enforceable by a writ of garnishment provided the writ is in accord with the law of the state where the court is located. FED. R. CIV. P. 69(a)(1). In Florida, "[e]very person or entity who has sued to recover a debt or has recovered

---

[1] Judge Smith is handling this case while Judge Kelly is temporarily indisposed.

judgment in any court against any person or entity has a right to a writ of garnishment ...." FLA. STAT. § 77.01 (2019). After judgment has been entered against a defendant, but before the writ of garnishment is issued, the plaintiff must file a motion stating the amount of the judgment. *Id.* § 77.03. The writ must state the amount owed, which is taken from the motion for issuance of the writ and direct the garnishee to: (1) serve an answer on the plaintiff within twenty days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to one business day for the garnishee to act expeditiously on the writ, or was indebted at any time between such times; (2) state what sum and what tangible or intangible personal property of defendant the garnishee has in its possession or control at the time of its answer, or had at the time of the service of the writ, or at any time between such times; and (3) whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in its possession or control. *Id.* § 77.04. Plaintiff's motion and proposed writ comply with the Florida Statutes governing the issuance of a writ of garnishment. Therefore, pursuant to Local Rule 6.01(c)(19) and based on Plaintiff's papers, the Court finds that Plaintiff is entitled to the issuance of the writ of garnishment.

Plaintiff seeks the appointment of a special process server, Sandra Patton, to serve the writ (Doc. 64 at 3). Federal law governs who may serve a writ of garnishment. FED. R. CIV. P. 69(a)(1) ("The procedure ... in proceedings supplementary to and in aid of judgment ... must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies."). The Federal Rules, which have the force of a federal statute, *see Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941) (a federal rule has the force of a federal statute if it is within the power delegated to the

Supreme Court), allow appointment of a special process server to serve a writ of garnishment. *See* FED. R .CIV. P. 4.1 ("Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose."). Accordingly, the request to appoint a special process server will be granted. *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752, at *2 (S.D. Fla. July 8, 2008) (appointing special process server to serve writ of garnishment).

Plaintiff argues that this Order should not be entered on the docket or served on Defendants (Doc. 64 at 3). This request will be denied because Plaintiff has not provided any legal authority to support the granting of this relief.

Now, the motion (Doc. 64) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Clerk of Court is **DIRECTED** to issue the writ of garnishment (Doc. 64-1) attached to the motion, and directed to PNC Bank N.A., 5295 Babcock Street, Palm Bay, FL 32905;

(2) Sandra Patton is specially appointed to serve the writ of garnishment on the garnishee, PNC Bank N.A.;

(3) This Order shall be docketed on the public docket; and

(4) In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 9, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Counsel for Plaintiff